**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

FRITZ G. BLUMENBERG,

   Petitioner,

  v.

WARDEN JOHN NASH, et al.,

   Respondents.

---

Civil Action No. 05-5315 (NLH)

O P I N I O N

**APPEARANCES:**

 FRITZ G. BLUMENBERG, Petitioner, Pro Se
 #50625-054
 F.C.I. Fort Dix
 P.O. Box 2000
 Fort Dix, New Jersey 08640

 CHRISTOPHER J. CHRISTIE, United States Attorney
 JOHN ANDREW RUYMANN, Assistant U.S. Attorney
 402 East State Street, Room 430
 Trenton, New Jersey 08608
 Attorneys for Respondents

**HILLMAN, District Judge**

 Petitioner, Fritz G. Blumenberg("Blumenberg"), was confined at the Federal Correctional Institution ("F.C.I.") in Fort Dix at the time he filed his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In this petition, Blumenberg seeks his release from custody on bond and asks the Court to defer action on immigration charges for removal so that he can address the claims

raised in his pending motion under 28 U.S.C. § 2255, which affect his aggravated felony status in the immigration proceedings.

The named respondents are F.C.I. Fort Dix Warden John Nash, the United States Bureau of Prisons, and the United States of America. The Government filed an Answer to the petition on January 3, 2006, with a certified copy of the relevant administrative record. For the reasons set forth below, the petition will be denied.

## BACKGROUND

At the time he filed his § 2241 petition, Blumenberg was serving a 30 month prison sentence imposed by the United States District Court for the Southern District of New York on May 22, 2003. Blumenberg had been convicted by guilty plea on charges of conspiracy to commit wire fraud/mail fraud, wire fraud, mail fraud, and filing false tax returns. He states that he appealed his conviction to the United States Court of Appeals for the Second Circuit, and the conviction and sentence were affirmed. On August 16, 2005, Blumenberg filed a 28 U.S.C. § 2255 motion attacking his conviction before the federal district court in the Southern District of New York where he was sentenced.[1] The

---

[1] In his § 2255 motion, petitioner alleges that he received ineffective assistance of counsel for failing to advise petitioner the immigration consequences of a guilty plea to the federal charges. He also contends that counsel was ineffective for failing to request an expert opinion, allowing petitioner to plead while under the influence of psychotropic drugs, and for failing to contest incorrect monetary loss findings.

§ 2255 motion is currently pending. Blumenberg claims that a determination in his § 2255 motion could effect the need for an immigration hearing on his removal based on an aggravated felony status, thereby eliminating the prospect of deportation. He seeks to defer any action in immigration proceedings while his § 2255 motion is pending.

It also appears that he is requesting this Court to make a determination on a claim for naturalization. In Ground Two of his petition, Blumenberg states that he has continually resided in the United States since July 1971. On July 2, 1997, he filed a naturalization form. Three years later, on November 7, 2000, petitioner was scheduled for an interview, which he could not attend due to doctors orders.[2] The interview was rescheduled on several occasions, March 5, 2001 and March 21, 2001, but Blumenberg also failed to attend these interviews based on doctors orders. From May 2002 through September 2004, Blumenberg's mental state was evaluated by several doctors on behalf of petitioner and on behalf of the Government. However, it is clear from the petition, and from the record submitted by the Government in response to the petition, that Blumenberg's application for naturalization was never reviewed and no

---

[2] Blumenberg states that he fell in October 1995, which caused injuries resulting in seven surgeries.

determination to grant or deny citizenship was made. Blumenberg admits that he is not a U.S. citizen.[3]

The Government confirms that Blumenberg completed service of his federal prison sentence, with good conduct time, on December 8, 2005. Blumenberg remained at F.C.I. Fort Dix as an immigration detainee until December 9, 2005, and was transferred to the Middlesex County Jail by the Department of Homeland Security[4] for removal proceedings based on petitioner's federal convictions. The Government contends that Blumenberg is being detained pursuant to 8 U.S.C. § 1226, or Section 236 of the Immigration and Nationality Act ("INA").

## DISCUSSION

### A. Standard of Review

Blumenberg seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, petitioner seeks his release from

---

[3] Blumenberg is a native and citizen of Germany.

[4] Effective March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency of the Department of Justice, and its functions were transferred to the Department of Homeland Security ("DHS"). See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002). The Bureau of Immigration and Customs Enforcement of the DHS is responsible for the interior investigation and enforcement functions that formerly were performed by the INS.

custody and a deference of his removal proceedings while his § 2255 motion is pending, which determination would affect the prospect of deportation.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

Respondents contend that Blumenberg's request for release on bond must be denied because detention is mandatory while removal proceedings are pending pursuant to statute, 8 U.S.C. § 1226. The detention of an immigration detainee under § 1226 is not unconstitutional. <u>Demore v. Kim</u>, 538 U.S. 510 (2003). Respondents also argue that Blumenberg appears to be asking for a determination on his naturalization application, and that this Court does not have jurisdiction to make an initial determination. Respondents do not address Blumenberg's request to defer action in immigration removal proceedings while the § 2255 motion is pending.

B. **Discussion**

1. *Petitioner is Subject to Mandatory Detention*

The custodial status of aliens who have committed crimes is governed by 8 U.S.C. § 1226 (INA § 236). Section 1226(a) gives the Attorney General discretion to arrest and detain an alien pending removal proceedings and to release the alien on bond. Section 1226(b) gives the Attorney General discretion to revoke a bond or parole under § 1226(a). By contrast, however, § 1226(c) requires that aliens with certain enumerated criminal convictions be detained pending removal proceedings. In particular, § 1226(c) provides for the detention of criminal aliens who are "deportable by reason of having committed any offense covered in [8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)]." 8 U.S.C. § 1226(c)(1)(B).

The Court finds that Blumenberg's detention is most closely governed by 8 U.S.C. § 1226(c)(1)(B), as a deportable alien convicted of an aggravated felony whose removal proceedings are not yet final. The Supreme Court has held that the detention of an alien pursuant to the no-bail provision under § 1226(c) does not violate due process under the Fifth Amendment. DeMore v. Kim, 538 U.S. 510 (2003). The Court reaffirmed its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id., 538 U.S. at 526. The Court concluded that

the mandatory detention provision under § 1226(c) furthered the government's legitimate purpose of preventing aliens from fleeing before the removal proceedings are completed,[5] and that such detention would be limited to a finite period of time generally needed for completion of removal proceedings. Id. at 529-531.

The Court, however, did not set a temporal time limit on the detention of an alien pending removal proceedings, acknowledging that detention under § 1226(c) was typically short in duration. Id. at 527-28 (distinguishing its decision in Zadvydas v. Davis, 533 U.S. 678 (2001) with respect to detention under § 1231, by emphasizing that detention under § 1226(c) had an obvious termination point and that such confinement was generally brief).

Moreover, while there may be legitimate concern that due process necessitates an individualized custody evaluation for aliens who have been in detention pending lengthy removal proceedings, the Government is not obligated under the Due Process Clause "to employ the least burdensome means to accomplish its goal" in "dealing with deportable aliens." Demore, 538 U.S. at 528. In this case, there is no indication that Blumenberg has been detained for a lengthy period of time,

---

[5] The Court also acknowledged that "in adopting § 1226(c), Congress had before it evidence suggesting that permitting discretionary release of aliens pending their removal hearings would lead to large numbers of deportable criminal aliens skipping their hearings and remaining at large in the United States unlawfully." Kim, 538 U.S. at 528.

7

or that the removal proceedings were substantially delayed.  In fact, removal proceedings commenced on or about November 3, 2005,[6] and Blumenberg was transferred to DHS custody on December 9, 2005.

Further, Blumenberg would not be entitled to release on bond pending a final removal order because it appears from the charges of deportability that he is ineligible for bond due to his aggravated felony conviction.  Accordingly, the Court finds that Blumenberg has failed to state any violation of federal statutory or constitutional law respecting his detention pending removal from the United States.  Therefore, his petition seeking release from detention on bond will be denied.

2.  *No Jurisdiction Over Naturalization Claim*

A district court has jurisdiction to review the denial of an application for naturalization under 8 U.S.C. § 1421(c).  The statute provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5.  Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

---

[6] A Notice to Appear, dated November 3, 2005, was sent to petitioner notifying him that the DHS has placed him in removal proceedings due to petitioner's conviction of an aggravated felony.

8 U.S.C. § 1421(c). The district court's review must be in accordance with 5 U.S.C. §§ 701-706. The regulations provide that this is the sole and exclusive procedure to obtain judicial review of INS naturalization determinations. See 8 C.F.R. § 336.9(a).

Here, there is no allegation that Blumenberg's application for naturalization, filed long ago, was ever denied by the DHS. Blumenberg admits that he is not a U.S. citizen, and that all of the hearings scheduled for his naturalization application were postponed at petitioner's request. Thus, there is no jurisdiction for this Court to review Blumenberg's naturalization application under 8 U.S.C. § 1421(c).

Moreover, to the extent that petitioner wants his nationality claim reviewed so as to preclude his removal from the United States, an allegation not specifically presented in his § 2241 petition, the district court does not have jurisdiction. The sole and exclusive avenue for review of a claim of nationality in the context of challenging removal from the United States is by direct petition for review to the United States Court of Appeals. See Baeta v. Sonchik, 273 F.3d 1261, 1263-64 (9th Cir. 2001); Hughes v. Ashcroft, 255 F.3d 752, 755 (9th Cir. 2001). See also Jordan v. Attorney General of the United States, 424 F.3d 320, 326 (3d Cir. 2005)(applicability of the REAL ID Act making the courts of appeals the arbiter of nationality claims

asserted in the course of agency removal proceedings). The relevant statute, 8 U.S.C. § 1252(b)(5), vests jurisdiction in the court of appeals to determine a claim of nationality for aliens in removal proceedings. If no genuine issue of material fact about the petitioner's nationality is presented, then the court of appeals shall decide the nationality claim. 8 U.S.C. § 1252(b)(5)(A). If there exists a genuine issue of material fact concerning the nationality claim, then the court of appeals shall transfer the proceeding to the district court for a new hearing on the nationality claim. 8 U.S.C. § 1252(b)(5)(B).

In this case, there is no request to review a nationality claim. To the extent, Blumenberg now wishes to raise such a claim while his removal proceedings are pending, jurisdiction lies in the appropriate Circuit Court of Appeals under 8 U.S.C. § 1252(b)(5), not in the district court.

3. *Request to Defer Action on Removal Proceedings*

Finally, Blumenberg asks this Court to defer action on the removal proceedings while his § 2255 motion challenging the aggravated felony conviction, which is the basis for removal, is pending. Blumenberg claims that a determination in his § 2255 motion would affect his removal from the United States.

Neither the § 2255 motion or the removal proceedings are pending in this district court. Thus, the appropriate forum for relief in this instance would be an application to the

Immigration Judge presiding over the removal proceedings to stay such proceedings until a determination has been made in his § 2255 action.

Moreover, to the extent that a removal order already may have been issued, any challenge to removal must be presented by petition for review with the appropriate Circuit Court of Appeals, pursuant to Section 106(a)(5) of the REAL ID Act of 2005.[7] "Under the new judicial review regime imposed by the REAL ID Act, a petition for review is now the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1)." Bonhometre v. Gonzales, 414 F.3d 442, 445 (3d Cir. 2005); see also 8 U.S.C. § 1252(a)(5) (1999 & Suppl. 2005). The circuit courts' jurisdiction was also enlarged to include consideration of constitutional claims or questions of law raised in a criminal alien's petition for review. 8 U.S.C. § 1252(a)(2)(D)(2005); Bonhometre, supra. Thus, this Court would be divested of subject matter jurisdiction

---

[7] Section 106(a)(5) of the REAL ID Act of 2005 reads:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) [relating to orders issued under 8 U.S.C. § 1225(b)(1)].

11

to issue any decision or order in a habeas petition that implicate's a petitioner's challenge to a removal order in the event a removal order is entered against Blumenberg.

Accordingly, this Court has no authority or jurisdiction to stay removal proceedings in this instance, and petitioner's request to defer action in the now-pending removal proceeding must be denied.

## CONCLUSION

For the reasons set forth above, this petition will be denied for lack of merit because petitioner fails to show a violation of federal statutory or constitutional law, and for lack of jurisdiction. An appropriate order follows.

*/s/ Noel L. Hillman*
NOEL L. HILLMAN
United States District Judge

Dated: August 14, 2006
At: Camden, New Jersey

12